IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIUS RECARDO YOUNG, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MIKE MULLIN, Warden, )<br>Oklahoma State Penitentiary, )<br>)<br>Respondent. ) | Case No. 00-CV-310-JHP-PJC |

## ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss Petitioner's amended claim (Dkt. # 52) for habeas corpus as time barred by the statute of limitations (Dkt. # 53). Petitioner, a state inmate on death row and represented by counsel, has not filed a response to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the amended claim is untimely and Respondent's motion to dismiss should be granted.

*Background*

Petitioner, a death row inmate at Oklahoma State Penitentiary, initiated this habeas corpus proceeding on April 17, 2000 with the filing of a motion for appointment of counsel (Dkt. # 1). A Preliminary Petition was filed October 3, 2000 (Dkt. # 21), and an Amended Petition was filed December 4, 2000 (Dkt. # 22). On March 5, 2001, the state filed its Response (Dkt. # 30), and on April 4, 2001, Petitioner filed his Reply (Dkt. # 33). The underlying record has been delivered to this Court and has been verified by the parties (Dkt. # 34).

On October 24, 2002, consideration of Petitioner's claims was placed in abeyance pending completion of state court proceedings on Petitioner's Ring v. Arizona[1] claim before the Oklahoma Court of Criminal Appeals (Dkt. # 42). By Order entered August 1, 2003, the case was reactivated and Petitioner was granted leave to amend his petition, insofar as such amendment was limited to Ring based claims (Dkt. # 51). Petitioner filed his amendment on September 26, 2003, seeking habeas corpus relief on the additional ground that his sentence violated the Supreme Court's ruling in Ring. Respondent filed a motion to dismiss the amended claim, asserting that it is time barred.

*Analysis*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Ring v. Arizona, 536 U.S. 584 (2002).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can be extended under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2). Petitioner has not filed a response to the motion to dismiss in which he asserts grounds for tolling or an extension of the limitation period.

Application of these principles to the instant case leads to the conclusion that Petitioner's Ring claim in his amendment (Dkt. # 52) fails to meet the one-year limitations period. Petitioner's conviction became final on or about October 4, 1999, the date when the United States Supreme Court denied *certiorari* review of his direct appeal. See Locke v. Saffle, 237 F. 3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on October 4, 1999. Although Petitioner's original petition in this habeas action was timely filed, the amendment filed on August 28, 2003, was untimely. Further, the Supreme Court has specifically held that the Ring decision is not a new substantive rule which could be applied retroactively, but a procedural rule which "does not apply retroactively to cases already final on direct review." Schriro v. Summerlin, 542 U.S. 348 (2004). For these reasons, the Court finds that Petitioner's amended claim based upon Ring v. Arizona, is time barred and should be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Respondent's motion to dismiss (Dkt. # 53) is **granted**.

**IT IS SO ORDERED** this 23rd day of September 2005.

*James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma